IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED L. NUTT, JR. ) | |
| 239 Ingraham Street N.W., ) | |
| Washington, D.C. 20011 ) | |
| ) Case No: | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA GOVERNMENT ) | |
| 1650 Pennsylvania Avenue, NW ) | |
| Washington, DC 20004 ) | |
| ) | |
| DISTRICT OF COLUMBIA POLICE ) | |
| DEPARTMENT ) | |
| ATTN- Denise Hatchell, Senior Investigator ) | |
| 1400 First Street NW, Suite 700, ) | |
| Washington, DC 20005 ) | |
| ) | |
| WAL-MART STORES, INC. ) | |
| CT Incorporation System ) | |
| 1015 15th Street NW Suite 1000 ) | |
| Washington, DC 20005 ) | |
| ) | |
| OFFICER CHARLES A JENKINS JR., ) | |
| in his individual and official capacity, and ) | |
| 1400 First Street NW, Suite 700 ) | |
| Washington, DC 20005 ) | |
| ) | |
| JOHN DOE, in his individual and official ) | |
| capacity ) | |
| 310 Riggs Road N.E., ) | |
| Washington, DC 20011, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Fred Nutt (hereinafter "Plaintiff"), by counsel, and files this, his Complaint against the Defendants Government of the District of Columbia, Walmart Store #3035, Officer Charles A. Jenkins, Jr, in his individual and official capacity, and John Doe, in his individual and official capacity (hereinafter "Defendant DCPD," "Defendant Walmart," "Defendant Officer Jenkins," "Defendant

Doe," or collectively "Defendants"), and alleges the followings:

## PARTIES

1. Plaintiff is an adult resident citizen of the District of Columbia, residing at 239 Ingraham Street, N.W., Washington, D.C. 20011.

2. Defendant District of Columbia Government is municipal corporation capable of being sued pursuant to D.C. Official Code § 1-102.

3. Defendant DCPD is a governmental entity existing in the District of Columbia.

4. Defendant Walmart is foreign corporation, qualified to do business within the District of Columbia.

5. Defendant Officer Jenkins is an adult resident citizen of the District of Columbia and employed by the Defendant DCPD.

6. Defendant Doe assumed to be an adult resident citizen of the District of Columbia and assumed to be employed by the Defendant DCPD.

## JURISDICTION AND VENUE

7. This action is being brought pursuant to U.S.C. §1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

8. Venue is proper in this district, pursuant to 28 U.S.C. §1391 because all Defendants are located within the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

9. Pursuant to 28 U.S.C. §1367, this court may also invoke supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution.

## FACTS

10. All times relevant herein, Plaintiff was a decorated Retired Juvenile Correctional Officer of New York.

11. On or about March 19, 2017 at approximately 6:15 pm, Plaintiff and his nephew had contemplated purchases of several items with paid receipts in their bag, when young Benjamin remembered he also needed to purchase another item, an adaptor for his iPhone.

12. The two then agreed that elderly Plaintiff would continue to wait in an aisle in the middle of the store while Benjamin returned to the back to get the adaptor from is location there and complete this additional purchase.

13. A few minutes later, Benjamin returned to where Plaintiff was standing waiting with adaptor in hand and in light of the long register lines in the front, opted to return instead to the back of the store and complete payment for the adaptor at a register there while Plaintiff continued to wait where he was standing.

14. A few minutes later, Benjamin returned with adaptor and payment receipt in hand.

15. Noting Benjamin's lack of a bag, Plaintiff inquired of Benjamin as to why he did not have a bag and Benjamin responded, that for whatever reason, the cashier in the back had not given him one.

16. Plaintiff was unconcerned because there was plenty of room for the adaptor in the bag along with the other items already purchased earlier.

17. Plaintiff then took the adaptor and receipt from Benjamin and added the to their existing bag as they turned and headed towards the store exit.

18. Apparently, at least the latter portion of the aforementioned interactions amongst Plaintiff

and young Benjamin in the store were observed, and as the two neared the exit, Defendant Officer Jenkins aggressively grabbed Plaintiff by the arm and insisted the two walk with him to a private store back office room for a "chat."

19. As Defendant Officer Jenkins held onto Plaintiff and forced him along by the arm, Plaintiff inquired at least four times as to what he was being asked to chat about and received no response while a terrified young Benjamin tried to keep up.

20. At the point, Defendant Walmart Security Officer, Defendant Doe barged in without any introduction and with complete disregard for anything Plaintiff was saying and yelled the words "YOUR BAG" at Plaintiff.

21. Plaintiff continued to raise questions about what the interest was in his bag? What he was implying? Was he calling him a thief? And the like, with both the Defendant Officer Jenkins and Doe yelling loudly back at Plaintiff and refusing to examine the contents of this bag while young Benjamin shivered in fear.

22. This very public incident of humiliating, frightening, and restraining for Plaintiff and Benjamin went on for some time and attracted the interests and attention of many of the huge crowd of customers in the store.

23. Defendants Officer Jenkins and Doe finally noticed the increased amount of crowd attention and finally agreed to check the contents of Plaintiff's bag as Plaintiff had been requesting all along.

24. This ended the incident.

25. As a proximate result the Defendants' negligence, Plaintiff suffered from false allegations of theft, harassment, public humiliation and racial profiling.

CAUSES OF ACTION

**COUNT ONE**

<u>VIOLATIONS OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 and 28 U.S.C. § 1343 et al.</u>

26. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

27. Plaintiff would show unto the Court that the Defendants, will reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights, and conditions of laying hands on someone's person under the 14th amendment.

28. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

**COUNT TWO**

<u>NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE.</u>

29. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

30. The Defendants, District of Columbia Police Department (Metropolitan Police Dept.) and Walmart Store #3035, were grossly negligent and/or wanton in failing to monitor the actions of the Defendants Officer Charles A. Jenkins, Jr. and John Doe. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly questions or interrogate the Plaintiff and other similarly situated individuals.

31. All Defendants negligently and/or wantonly failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally. Defendants District of Columbia Police Department and Walmart Store #3035 failed to properly train and supervise the actions of Defendants Officer Charles A. Jenkins, Jr. and

John Doe.

32. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

PRAYER FOR RELIEF

WHEREFORE, PRERMISES CONSIDERED, the Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

a. Compensatory damages and nominal damages to be determined by the trier of fact;

b. Punitive damages to be determined by the trier of fat;

c. Declaratory and injunctive relief;

d. That relief which is fair, just, and equitable under the circumstances of this case;

e. Reasonable attorney's fees; and

f. The cost of this suit

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 25th day of October 2019.

**Khadijah Z. Able**

/s/ Charles Tucker, Jr.
CHARLES TUCKER, DC Bar #993515
TUCKER MOORE GROUP, LLP
8181 Professional Place, Suite 207
Hyattsville, Maryland 20785
Charles@tuckerlawgroupllp.com

Office: 301-577-1175

5

Case 1:19-cv-03220   Document 1   Filed 10/25/19   Page 7 of 7