## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRED NUTT, JR :
:
    Plaintiff :
:
v. : **Civil Action No. 1:19-cv-03220-ABJ**
:
WAL-MART STORES, INC., *et al.* :
:
    Defendants :

### MEMORANDUM OF LAW SUPPORTING WAL-MART'S MOTION TO DISMISS COUNTY IV THIRD AMENDED COMPLAINT

Plaintiff alleges that a police officer ("Ofc. Jenkins") and an individual identified only as "John Doe" detained him after his nephew admittedly put an item into his shopping bag and therefore both are liable for constitutional violations and common law torts. Plaintiff then alleges that Wal-Mart is vicariously liable for their actions. However, Wal-Mart is not a state actor and cannot be held liable for any purported constitutional violations. Further, Wal-Mart cannot be held vicariously liable for police actions under any theory. Those claims (Count I and portions of Count II) as to Wal-Mart should be dismissed with prejudice. Finally, as to the remaining common law claims of Count II, those allegations do no more than allege that "the-defendant-unlawfully-harmed-me" and do not state a claim upon which relief may be granted. Those claims must be dismissed as well.

### I.    PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff admits that, after paying for his purchases,[1] his nephew later purchased an item and

---

[1]    Complaint, ¶ 11.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
―――
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
―――
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

placed it (without a bag) into his bag.[2] He then levies several allegations as to the actions of a member of the District of Columbia Police Department and John Doe (who is alternatively claimed to have been employed by either the District or Wal-Mart[3]):

- He claims Ofc. Jenkins grabbed him by the arm and asked him to have "a chat", but did not immediately say why;[4]

- John Doe them "barged in" (Plaintiff does not say where to) and claims the chat is about Plaintiff's bag;[5] and

- That after initially not receiving what he deemed a satisfactory answer as to why he was being questioned, Ofc. Jenkins and Jonh Doe checked for receipts and confirmed that the nephew had paid for the item.[6]

Plaintiff does not specify how long the incident took, where in the store it occurred, what incendiary comments were allegedly made by Ofc. Jenkins and Doe, what either did physically (besides Doe touching his arm), what the motivations of Ofc. Jenkins and Doe were, or what suspect classification may have triggered a constitutional claim. What Plaintiff did plead was that Wal-Mart is liable for statutory and constitutional violations under Section 1983,[7] and, under the common law, that Wal-Mart is vicariously liable for both Doe and the officer's actions under the theory that it

---

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

[2] *Id.*, at ¶¶ 12-15.

[3] Paragraph 6 of the Complaint alleges that John Doe was employed by the District of Columbia, while Paragraph 20 alleges that Doe was employed by Wal-Mart.

[4] *Id.*, at ¶¶ 18-19.

[5] *Id.*, at ¶ 20.

[6] *Id.*, at ¶¶ 21-24.

[7] 42 U.S.C. § 1983.

negligently hired or failed to monitor or train either the officer or Doe.[8]

Plaintiff does not separate these divergent theories of recovery and specify which facts support which theories. Plaintiff does not explain why Wal-Mart is vicariously liable for the officer's actions. Plaintiff does not state what Wal-Mart's duties were or how its breach of these duties caused or contributed to the occurrence. Finally, Plaintiff alludes to unidentified policies and procedures, and laws, but fails to specify both what such rule or law are and how they were violated.[9]

## II. STANDARD OF REVIEW

For the purposes of evaluating a motion to dismiss for failure to state a claim, the facts asserted in a complaint are assumed to be true.[10] However, there is no corresponding duty to assume the truth of legal conclusions.[11]

A pleading must contain a "short and plain statement that the pleader is entitled to relief".[12] Rule 8(a) does not require "detailed factual allegations" but it does demand much more than an unadorned "the-defendant-unlawfully-harmed-me" allegation.[13] If the well-pled facts do not permit the court to infer more than the possibility of misconduct, the pleader is not entitled to relief.

Finally, while the Court must accept as true the factual allegations alleged, the rules do "not

---

[8] Complaint, §§ 30-32.

[9] *Id.*, at ¶ 31. Also, Plaintiff demands injunctive and declaratory relief without stating why, or even what specific relief is sought.

[10] *Iqbal v. Ashcroft*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

[11] *Id.*

[12] Fed.R.Civ.P. 8(a)(2).

[13] *Iqbal*, at 678, 129 S.Ct. at 1949.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions".[14]

## II. ARGUMENT

As to Wal-Mart, Count I must be dismissed as Wal-Mart has no liability for any of the constitutional claims advanced by the Plaintiff because it is not a state actor. As to Count II, Wal-Mart cannot be held liable for Ofc. Jenkins' actions because he was acting as a police officer at the time of the allegedly tortious conduct.[15] Further, Plaintiff's factual allegations as to Count II are insufficient to plead a cause of action against Wal-Mart.

### A. COUNT I MUST BE DISMISSED BECAUSE WAL-MART WAS NOT A STATE ACTOR.

For constitutional and Section 1983 claims, the party committing the tort must be a state actor – merely private conduct is not sufficient to state a claim.[16] Plaintiff has alleged that Ofc. Jenkins[17] was acting in his capacity as a law enforcement officer.[18] The Plaintiff has pled no facts that would permit an inference that Wal-Mart was acting as a state actor at the time of the occurrence (and it is difficult to imagine a set of facts that would permit such an inference). The claims against Wal-Mart in Count I must be dismissed.

---

[14] *Id.*, at 678-679, 129 S.Ct. at 1950.

[15] The same is true for John Doe if he was acting as a member of the Metropolitan Police Department as alleged in Paragraph 6 of Plaintiff's Complaint.

[16] *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 50-51, 119 S.Ct. 977, 985, 143 L.Ed.2nd 130, 143 (1999).

[17] And per Paragraph 6, John Doe.

[18] As is noted *infra*, an officer is held to always be on duty, even when allegedly employed by a private entity.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

## B. ACCORDING TO THE COMPLAINT OFC. JENKINS WAS EMPLOYED AS A POLICE OFFICER AT THE TIME OF THE OCCURRENCE AND WAL-MART CANNOT BE HELD VICARIOUSLY LIABLE FOR HIS ACTIONS.

In the District of Columbia "a private entity which employs a police officer during his off-duty hours is not liable for actions of the officer carrying out his public duty".[19] Further, police officers in the District are "held to be always on duty".[20] The Plaintiff here alleges that Ofc. Jenkins was employed as a police officer when he committed the allegedly tortious acts. Under the Plaintiff's own allegations Wal-Mart cannot be held vicariously liable for his actions.

*Lande* is illustrative. There, the plaintiff observed several individuals "beating [his friend], who was on the ground" outside of a club.[21] None of the purported assailants were wearing anything that would identify them as police officers.[22] The plaintiff rushed to pull the persons beating his friend away.[23] One of the alleged assailants (who were in fact off-duty police officers providing security for the club) "stuck a gun" in the plaintiff's face, and when the plaintiff pushed it away, pistol-whipped him.[24] The plaintiff had no knowledge that the "assailants" were police officers executing an arrest until after he himself was handcuffed.[25]

---

[19] *Lande v. Menage Ltd. Pshp.*, 702 A.2d 1259, 1261 (D.C. 1996).

[20] D.C. Mun. Regs. tit. 6A, § 200.4.

[21] *Lande*, 702 A.2d at 1260.

[22] *Id.*

[23] *Id.*

[24] *Id.*, at 1260-1261.

[25] *Id.*, at 1261.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Even with the seemingly egregious facts present in *Lande* the Superior Court entered a directed verdict in favor of the nightclub (who was alleged to be vicariously liable for the officer's conduct), and the Court of Appeals affirmed. The Court's reasoning rested on the previously-noted regulation that officers are always on duty, and that when they engage in a police action, such as making an arrest, they are acting as police officers (as the purported employer or principal would have no authority to confer upon an officer the right to make an arrest or engage in other police action).[26]

Like the officers in *Lande*, per the allegations of the Complaint Ofc. Jenkins was acting under color of law when he committed the allegedly tortious conduct. Like the nightclub in *Lande* Wal-Mart cannot be held vicariously liable for the actions of a police officer taken under color of law, and as to Ofc. Jenkins' actions, Wal-Mart cannot be held liable under any theory set forth in Count II.

### C. COUNT II FAILS TO IDENTIFY WITH ANY SPECIFICITY HOW WAL-MART OR ITS PURPORTED AGENTS BREACHED ANY DUTY, MUCH LESS HOW THE IDENTIFIED FACTS SUPPORT THE VARIOUS THEORIES OF LIABILITY IDENTIFIED.

Even assuming that Wal-Mart can be held vicariously liable for Ofc. Jenkins' or John Doe's actions, Count II is insufficiently pled. Based on Count II's heading, it appears two, or maybe even three or four, theories of recovery are advanced within a single count. Negligent hiring and negligent failure to train are clearly intimated, although not well-pled. Negligent supervision might be intended as well. Finally, some sort of omnibus theory of negligence may be implied.

The problem (from a notice and therefore pleading) perspective is that Count II leaves the

---

[26] *Id.*

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Defendant nearly guessing as to what theories of recovery are intended and which facts support them. In every variety of negligence a claimant must identify a duty owed by the Defendant and state how it was breached. The Plaintiff alluded to (without identifying) policies and procedures, and laws that were allegedly violated. The Plaintiff has jumbled several varieties of negligence into a single count. Finally, the Plaintiff has not set forth any facts to establish why it is vicariously liable for any identified Defendant's actions.

At best, the allegations of Count II are best characterized as "the-defendant-unlawfully-harmed-me". That is not enough. If the Plaintiff is seeking recovery under more than one theory of negligence, the facts supporting each should be set forth, and no matter what theory is being advanced, the Plaintiff should plead what the Defendant did and was supposed to do.[27] If the Plaintiff (as he states) is relying on procedures or statutes, those should be identified.[28] None of this was done as to Count II and it should be dismissed.

## IV. CONCLUSION

Wal-Mart is not a state actor and cannot be held vicariously liable for the constitutional claims pled in Count I. Further, Wal-Mart generally cannot be held liable for Ofc. Jenkins' actions. Finally, Count II does really say anything more than "the Defendant harmed me", which is not

---

[27] For example, when a claim is made for negligent hiring or supervision, "it is incumbent upon a party to show that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee". *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985). Nothing like this is set forth in the Complaint.

[28] At a minimum, if the Plaintiff is seeking declaratory or injunctive relief, as this Complaint alleges, the grounds should be set forth. Here, none are.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

enough.  The claims against Wal-Mart should be dismissed.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
 GALLAGHER & DeBLASIS, LLP


By: /s/ Mark A. Kohl, #503278
Mark A. Kohl, #503278
17251 Melford Boulevard, Suite 200
Bowie, Maryland  20715
(301)352-4950
(301)352-8691 - Fax
mkohl@decarodoran.com
***Counsel for Defendant Wal-Mart***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **25th** day of **November, 2019**,  I efiled a copy of the foregoing paper to:

Charles Tucker, Esquire
Tucker Moore Group, LLP
8181 Professional Place, Suite 207
Hyattsville, Maryland 20785
***Counsel for Plaintiff***

 /s/ Mark A. Kohl, #503278
Mark A. Kohl, #503278

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
─────
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
─────
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548