IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Fred Nutt, Jr.            )  |  |
|                           )  | Case No: 1:19-cv-03220-ABJ |
|     Plaintiff,        )  |  |
|                           )  |  |
| v.                        )  |  |
|                           )  |  |
| WAL-MART STORES, INC., *et al.*   )  |  |
|     Defendants.      )  |  |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WAL-MART STORES, INC. MOTION TO DISMISS

COMES NOW, Plaintiff Fred Nutt, Jr. (hereinafter "Plaintiff"), by and through undersigned counsel, and hereby submits his response to Defendant Wal-Mart Stores, Inc.'s (hereinafter "Defendant") Motion to Dismiss. In support thereof, Plaintiff states as follows:

### LEGAL STANDARD

On a motion to dismiss for failure to state a claim, the Court must "treat the complaint's factual allegations as true [and] must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Gilvin v. Fire,* 259 F.3d 749, 756 (D.C.Cir.2001). Although "detailed factual allegations" are not necessary, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). The Court need not accept as true either a "legal conclusion couched as a factual allegation" or an inference drawn by the plaintiff if such inference is unsupported by the facts set out in the complaint. *Trudeau v. FTC,* 456 F.3d 178, 193 (D.C.Cir.2006) (citations and quotation marks omitted). The Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the

Court may take judicial notice." *Gustave–Schmidt v. Chao,* 226 F.Supp.2d 191, 196(D.D.C.2002) (citation omitted).

### A. COUNT I AND COUNT II MUST NOT BE DISMISSED BECAUSE WAL-MART EMPLOYED THE CO-DEFENDANT EMPLOYMENT OFFICERS THAT VIOLATED PLAINTIFF'S RIGHT.

To state a claim under [§] 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted `under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 150 (1970)); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002) (noting "that § 1983 actions may be brought against state actors to enforce rights created by federal statutes as well as by the Constitution"). Defendant does not dispute that Plaintiff has sufficiently alleged what he was deprived of a right secured by the Constitution or law of the United States. Indeed, Defendant's only argument it is not a state actor.

Defendant Wal-Mat employed Defendant Officer Jenkins to secure its premises. "Under the traditional tort theory of *respondeat superior* , "an employer may be held liable for the acts of his employees committed within the scope of their employment." *Boykin v. D.C.* , 484 A.2d 560, 561 (D.C. 1984). " However, "[t]he mere existence of the master and servant relationship is not enough to impose liability on the master. The boundaries of liability only extend as far as the servant is acting within the scope of his employment." *Penn Cent. Transp. Co. v. Reddick,* 398 A.2d 27, 29 (D.C. 1979). An employee acts within the scope of his employment if the "purpose of the act is, at least in part, to further the employer's business and if the act is not unexpected in view of the employee's duties." *Floyd–Mayers v. Am. Cab Co.* , 732 F.Supp. 243, 246 (D.D.C. 1990) (citing *Jordan v. Medley* , 711 F.2d 211, 214 (D.C. Cir.1983) ).

Defendant Officer Jenkins was employed by Defendant to secure its premises from potential dangers. Defendant Officer Jenkins is a state actor as he is official police officer of the District of Columbia. During the alleged incident, Defendant Officer Jenkins operated in his capacity as a District of Columbia police officer as well security to Defendant. The acts of Defendant Officer Jenkins depriving Plaintiff os his constitutional rights was in furtherance of Defendant's business and was well within the scope of his employment. As Defendant Officer Jenkins' employer, Defendant is vicariously responsible for his actions. Therefore, Count I and II of Plaintiff's Complaint must not be dismissed and Defendant's motion is due to be denied.

### B. PLAINTIFF HAS PLEAD SUFFICIENT FACTS IN SUPPORT OF COUNT II OF HIS COMPLAINT.

Defendant argues that count II of Plaintiff's complaint should be dismissed based on an alleged failure by Plaintiff to identify a duty breached by Plaintiff. In paragraph 30 of Plaintiff's complaint, Plaintiff alleges Defendant failed to monitor the actions of the Defendants Officer Charles A. Jenkins, Jr. and John Doe. In paragraph 31, Plaintiff alleges Defendant failed to properly properly train and supervise the actions of Defendants Officer Charles A. Jenkins and John Doe. The duty which Defendant, which is easily ascertainable from Plaintiff's complaint is Plaintiff's duty to properly train and supervise the actions of its Defendant Officer Charles A. Jenkins, John Doe, and its other employees. Similarly, Defendant also breached its duty of properly monitoring the actions of Defendnedants Officer Charles A Jenkins, Jr. and John Doe. Because Plaintiff has sufficiently identified the duty which was breached by Defendant, its motion to dismiss is due to be denied.

### CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff prays this Honorable Court denies Defendant's motion in its entirety with prejudice.

Respectfully submitted this 30th day of December 2019.

/s/ Charles Tucker, Jr.
Charles Tucker, Jr.
TuckerMoore Group
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
301-577-1175
charles@tuckerlawgrouppllp.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon the following via the Court's electronic filing system:

Mark Andrew Kohl
Decardo Doran Siciliano Gallagher & Deblasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, MD 20715

                                              */s/ Charles Tucker, Jr.*
                                              Charles Tucker, Jr.
                                              TuckerMoore Group
                                              8181 Professional Pl. Suite 207
                                              Hyattsville, MD 20785
                                              301-577-1175
                                              charles@tuckerlawgroupllp