# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| FRED L. NUTT, JR., |
| |
| *Plaintiff*, |
| |
| v. |
| |
| DISTRICT OF COLUMBIA GOVERNMENT, *et al.*, |
| |
| *Defendants*. |

1:19-cv-03220-ABJ

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS

### INTRODUCTION

The District of Columbia (also pleaded as "District of Columbia Police Department") through the undersigned counsel, moves to dismiss Plaintiff's Complaint in its entirety. Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Plaintiff claims that on March 19, 2017, he and his nephew were shopping in a Walmart when they were allegedly stopped by an off-duty MPD police officer working as a Walmart security guard, Charles A. Jenkins, Jr. Pl. Compl. [1], ¶¶ 11—18. Plaintiff claims that Officer Jenkins "aggressively grabbed" him and attempted to bring him to a "private back office room for a chat" and "yelled" at him and his nephew before releasing them. *Id.*, ¶¶ 19 – 24.

Plaintiff's Complaint consists of two Counts: a Fourteenth Amendment claim against all Defendants and a common law negligent hiring, training, and retention claim against all Defendants. Plaintiff's claims against the District must all fail. First, Plaintiff's Fourteenth Amendment claim (Count I) against the District is subject to dismissal with prejudice because

the District is not a state and is therefore not amenable to claims brought under the Fourteenth Amendment.

Further, Plaintiff's common law claims against the District consist of a single count (Count II) alleging negligent hiring, training, and retention. Yet Plaintiff has provided no factual basis for this claim that, if proven, would demonstrate that the District was on notice that its employee was either incompetent or dangerous.

Further, Metropolitan Police Department (MPD) is *non sui juris* and should not be party to this lawsuit. MPD, pleaded as "District of Columbia Police Department," should be dismissed from this lawsuit with prejudice.

Finally, even if Plaintiff had adequately pleaded his common law claims against the District, these claims would still fail as a matter of law and be subject to dismissal with prejudice because Plaintiff failed to file a timely notice of claim, as required by D.C. Code § 12–309. No genuine issue of material fact exists regarding Plaintiff's failure to file a timely Notice of Claim.

For these reasons, dismissal of Plaintiff's Complaint against the District is warranted.

**LEGAL STANDARD**

To survive a motion to dismiss, a Complaint must contain a "short and plain statement of the claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Although the factual allegations must be taken as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Iqbal,* 556 U.S. 662 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A Complaint does not suffice if it makes "naked assertions" devoid of "further factual enhancement." *Id.* at 557. Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. 678-79 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration marks omitted). In such circumstances, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Point IV only of this Motion relies on a single exhibit. Point IV, therefore, is judged by the Fed. R. Civ. 56 summary judgment standard. Fed. R. Civ. P. 12(d); *Richardson v. Rivers*, 335 F.2d 996, 998 (D.C. Cir. 1964). Summary judgment should be granted if "there is no

genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact." *Cater v. Greenspan*, 304 F.Supp.2d 13, 20 (D.D.C. 2004). Indeed, "[a] moving party is 'entitled to judgment as a matter of law' against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Waterhouse v. District of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. at 242, 247–248 (emphasis original).

# ARGUMENT

I. <u>**The Fourteenth Amendment Does Not Apply to the District of Columbia.**</u>

Plaintiff claims that Defendants:

> [with] reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights, and conditions of laying hands on someone's person **under the 14th amendment**.

Id., ¶ 27 (emphasis added).

Dismissal under Fed. R. Civ. P. 12(b)(6) of Plaintiff's Count I is warranted because the Fourteenth Amendment to the United States Constitution does not apply to the District of Columbia or to its employees such as Officer Jenkins.

The Due Process Clause of the Fourteenth Amendment reads: "No **State** shall ... deprive any person of life, liberty, or property without due process of law...." *Id.* (emphasis added). "Thus, by its terms, the Fourteenth Amendment applies only to the States; it does not apply to the Federal Government or the District of Columbia." *Powers-Bunce v. Dist. of Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007). Plaintiff's Fourteenth Amendment claim against the District of Columbia must therefore fail. *Propert v. District of Columbia*, 948 F.2d 1327, 1330 n. 5 (D.C. Cir. 1991); *Landise v. Mauro*, 141 A.3d 1067, 1075 FN3 (D.C. 2016) ("the Fourteenth Amendment expressly applies only to the states, not to the United States or the District of Columbia.") The claim is nonviable and dismissal should be with prejudice. *See, e.g., Jiggetts v. Cipullo,* 285 F. Supp. 3d 156, 165 (D.D.C. 2018) ("The Court agrees with the defendants that the plaintiff's proposed claims asserting violations of the Fourteenth Amendment are futile because the Supreme Court made clear in *Bolling v. Sharpe*, [347 U.S. 497, 499–500 (1954)] that the Fourteenth Amendment applies only to the states, and not to the District of Columbia.")

## II. Plaintiff has Failed to State a Common Law Negligent Retention and Training Claim Against the District of Columbia.

Plaintiff's Count II is a common law claim in which he alleges that Walmart and the District of Columbia failed to hire, "monitor, train, and supervise" their employees. Pl. Compl. [1], ¶¶ 29-32. Plaintiff claims that the District failed "to monitor the actions" of the police officers, and "failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally[, and] failed to properly train and supervise" the police officers. *Id.*, ¶¶ 30-31. Yet Plaintiff's Complaint contains no underlying tortious act to support this derivative claim. Adding to the confusion, Plaintiff makes the identical allegation against Officer Jenkins, though the Complaint contains nothing indicating what hiring or training Officer Jenkins was responsible for. Dismissal of Plaintiff's unclear and conclusory common law claims is warranted.

Plaintiff's Complaint also fails to allege facts that, if proven, would establish notice. In the District of Columbia, a party asserting a common law claim for negligent supervision or training must allege "that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise [or train] the employee." *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985). Plaintiff's Complaint lacks this basic element: it is bereft of any indication that the District "knew or should have known" that its officer was "dangerous or otherwise incompetent" on March 19, 2017. *Rawlings v. District of Columbia*, 820 F.Supp.2d 92, 114–15 (D.D.C. 2011) (a negligent training and supervision claim requires proof of "behavior before" the incident giving rise to an injury). If Plaintiff fails to come forward with such facts, his common law claims against the District are subject to dismissal. *Spiller v. Dist. of Columbia*, 302 F. Supp. 3d 240, 254–55 (D.D.C. 2018).

Here, Plaintiff has not pled facts regarding the District of Columbia's knowledge that its officer would allegedly be rude to Walmart customers.  Plaintiff therefore has not provided a basis on which the Court could infer that the District knew or should have known its employees would behave in a dangerous or incompetent manner.  Further, Plaintiff has failed to plead a common law claim against the police officer to support such a claim.  Yet a plaintiff must "predicate their negligent training and supervision claim on a common law cause of action." *Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 87 (D.D.C. 2019).  Plaintiff has pleaded no common law tort by a District employee that could support a negligent supervision claim. Pl. Compl. [1], *passim*.  Dismissal of Count II is warranted. *Harvey v. Kasco*, 109 F. Supp. 3d 173, 179 (D.D.C. 2015).

### III. Metropolitan Police Department is *Non Sui Juris*.

Plaintiff's Complaint also lists "District of Columbia Police Department" as a Defendant. Pl. Compl. [1], ¶ 3. Plaintiff is referring to the District's police department, the Metropolitan Police Department (MPD). MPD is a subordinate agency of the District government and *non sui juris* by statute. Plaintiff's claim against "Metropolitan Police Department" must fail because this department of the District government is not subject to suit.

MPD is a department of the District of Columbia government. The Mayor appoints its Chief and its officers. D.C. Code Ann. § 5-105.01. MPD, like other District of Columbia government agencies, cannot be sued in the District's stead:

> [I]f a department or agency of a municipality is not a corporate body, it cannot be sued as such. Both this court and the local courts of the District of Columbia have consistently applied this rule to dismiss claims against governmental agencies or departments of the District of Columbia.

*Kundrat v. Dist. of Columbia*, 106 F. Supp. 2d 1, 5 (D.D.C. 2000) (internal citation omitted). Because no statute clothes MPD with the statutory authority to sue or be sued, it is not subject to suit. *See Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216 (D.C.1978) ("A noncorporate department or other body within a municipal corporation is not *sui juris*."). The principle that MPD cannot be sued is "beyond peradventure." *Hinton v. Metropolitan Police Dept.,* 726 F.Supp. 875 (1989) (MPD could not be sued as a separate entity absent statutory provision for it to sue or be sued, and no provision existed).

Because Metropolitan Police Department is not a corporate body subject to suit, Plaintiff's claims against it must fail as a matter of law and should be dismissed with prejudice.

## IV. Plaintiff's Failure to File a Notice of Claim is Fatal to his Common Law Claims Against the District.

Plaintiff's failure to properly plead his common law claims against the District justify their dismissal, as explained in Point II, above. Even if Plaintiff had properly pleaded these claims, they would still fail because Plaintiff failed to file a notice of claim as required by District law, D.C. Code § 12-309.

This section only of the present Motion is supported by a single exhibit: an Affidavit by District of Columbia Office of Risk Management ("ORM"), Tort Liability Division Program Analyst Lana Craven regarding Plaintiff's failure to file a timely § 12-309 Notice. Ex. A. A motion to dismiss argument is treated as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the Court." Rule 12(d). A Statement of Material Facts is included in support of this Point. Here, summary judgment is warranted on Plaintiff's common law claims against the District because no genuine issue of material fact exists regarding his failure to any § 12-309 Notice.

D.C. Code § 12–309 provides:

> [a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

*Id.*

The purposes of the D.C. Code § 12-309 are: "(1) to allow the District to investigate potential claims so that evidence may be gathered while still available, for example before the relevant sidewalk is paved over or the meter cover fixed, (2) to enable the District to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious

claims and resistance of frivolous ones." *Hardy v. District of Columbia*, 616 A.2d 338, 340 (D.C. 1992). Consequently D.C. Code § 12-309 "imposes a notice requirement on everyone with a tort claim against the District of Columbia." *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). Congress created this statute in keeping with its decision to waive sovereign immunity for the District only in narrow circumstances:

> [T]he language Congress chose to remedy this problem is clear and unequivocal. Section 12-309 specifically limits the District's waiver of its immunity to cases in which sufficient notice is given to the Mayor "within six months after the injury or damage *was sustained*."

*Brown v. Dist. of Columbia* at 736 (emphasis original) (quoting §12-309).

"Unlike a statute of limitations, which can be tolled through the discovery rule, § 12–309 starts the clock at the instant an injury or damage is sustained." *Brown v. Dist. of Columbia*, 853 A.2d 733, 736 (D.C. 2004) (quoting *Kelton v. District of Columbia*, 413 A.2d 919, 921 (D.C. 1980)).

"[S]trict compliance with § 12–309's requirement that timely notice be given to the District is mandatory[.]" *Enders v. Dist. of Columbia*, 4 A.3d 457, 468 (D.C. 2010) (quoting *Wharton v. Dist. of Columbia*, 666 A.2d 1227, 1230 (D.C. 1995)). "Strict adherence to the timeliness requirement is demanded because § 12–309 operates as a derogation of the common law principle of sovereign immunity." *Cornish v. Dist. of Columbia*, 67 F. Supp. 3d 345, 368 (D.D.C. 2014) (citing *Dist. of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). Of course, § 12–309 applies to intentional torts such as defamation and fraud. *Breen v. District of Columbia*, 400 A.2d 1058, 1060 (D.C. 1979).

Here, Plaintiff was required to comply with the "mandatory" § 12-309 notice requirement for his common law claims against the District within six months of the date of his alleged

injury. Plaintiff clearly believed on March 19, 2017 that he had been involved in an incident with "Officer Jenkins." Pl. Compl., ¶¶ 5, 19, 31. Yet Plaintiff never failed to file notice under § 12-309 at all before filing this lawsuit. Ex. A. A Plaintiff who fails to file a § 12-309 notice with the District within six months of suffering "actionable injury" is forever barred from pursuing suit at common law. *Pinkney v. District of Columbia*, 439 F. Supp. 519, 525 (D.D.C. 1977). There can be no genuine issue of material fact regarding this issue because the District's Office of Risk Management receives and records all § 12-309 notices filed with the District, and it has none for Plaintiff. Ex. A, ¶¶ 2, 6.

Plaintiff's failure to file a § 12-309 notice with the District means summary judgment is warranted for his common law claims against it. *Id.*

## CONCLUSION

For these reasons, Plaintiff's Complaint against the District of Columbia should be dismissed. Plaintiff's Fourteenth Amendment and common law claims against the District should be dismissed with prejudice.

January 15, 2020  Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
Assistant Attorney General
Civil Litigation Division Section IV
441 Fourth Street, NW, Suite 630 South
Washington, D.C. 20001
202-724-6652 (phone)
202-730-0624 (fax)
benjamin.bryant@dc.gov

Counsel for Defendant