UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRED L. NUTT, JR., | ) | |
|       Plaintiff, | ) | |
| v. | ) | Civil Action No. 19-3220 (ABJ) |
| DISTRICT OF COLUMBIA GOVERNMENT, *et al.*, | ) | |
|       Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Fred L. Nutt, Jr., has brought this action against the District of Columbia Government (the "District"), the "District of Columbia Police Department,"[1] Wal-Mart Stores, Inc. ("Wal-Mart"), Officer Charles A. Jenkins, Jr., in his individual and official capacity as a Metropolitan Police Department ("MPD") Officer, and Defendant John Doe, in his individual and official capacity as an "assumed" member of the MPD.[2] *See generally* Compl. [Dkt. # 1]. In Count I, based on 42 U.S.C. section 1983, plaintiff alleges that defendants deprived him of his constitutional rights to due process and equal protection and violated the Fourteenth Amendment when Officer Jenkins and defendant Doe allegedly restrained him while he was shopping with his

---

1     The official name of the District of Columbia law enforcement agency is the Metropolitan Police Department, and the Court will refer to it in that manner.

2     It not entirely clear from the pleadings whether plaintiff is alleging that defendant Doe is an MPD officer or that he is employed by Wal-Mart. In paragraph six of the complaint, plaintiff alleges that defendant Doe is "assumed to be employed by the Defendant DCPD," but in paragraph twenty, plaintiff calls him a "Walmart Security Officer." Compl. ¶¶ 6, 20.

1

nephew in a store. Compl. ¶ 27.[3] He also alleges in a second count that the MPD and Wal-Mart are liable for negligence in hiring, and failing to monitor, train, and supervise, their employees. Compl. ¶¶ 30–31. Defendants Wal-Mart and the District have each moved to dismiss claims against them in the complaint. *See* Wal-Mart's Mot. to Dismiss [Dkt. # 4] ("Wal-Mart's Mot."); Wal-Mart's Mem. of Law in Supp. of Wal-Mart's Mot. to Dismiss [Dkt. # 4-1] ("Wal-Mart's Mem."); District of Columbia's Mot. to Dismiss [Dkt. # 12] ("District's Mot."); District of Columbia's Mem. of P. & A. in Supp. of District's Mot. [Dkt. # 12-1] ("District's Mem."); and Pl.'s Resp. in Opp. to Defs.' Mot. [Dkt. # 16] ("Pl.'s Opp."). While this opinion should not be read to condone the troubling alleged conduct of the security guards in any way, the defendants are correct that the complaint as written does not state an actionable claim, and their motions to dismiss will be granted.[4]

## BACKGROUND

On or about March 19, 2017, at approximately 6:15 pm, plaintiff and his nephew had completed purchasing several items in a store when plaintiff's nephew remembered another item that he needed. Compl. ¶ 11. While the nephew retrieved the item from the back of the store, plaintiff, an elderly man, waited in an aisle in the middle of the store with a bag containing the

---

[3] The complaint alleges that venue is proper in this district because "a substantial part of the events and omissions giving rise to this claim occurred in this judicial district." Compl. ¶8. But plaintiff never supplies the address of the store where the events took place, and he never explicitly alleges in the fact section of the complaint that the store was a Wal-Mart, although in paragraphs 30 and 31 of Count II, he alleges that the defendants, MPD and "Walmart Store #3035" were negligent in failing to supervise defendants Jenkins and Doe.

[4] As an initial matter, the complaint will be dismissed against defendant the "District of Columbia Police Department," because as a District of Columbia agency, the Metropolitan Police Department cannot be sued as a separate entity. *See Heenan v. Leo*, 525 F. Supp. 2d 110, 112 (D.D.C. 2007) ("it is well settled that the MPD is *non sui juris* and, therefore, cannot be sue or be sued").

items the pair had already purchased.  Compl. ¶ 12.  A few minutes later, the nephew returned to his uncle with the purchased item and its receipt, which plaintiff placed in the bag containing the other purchased items.  Compl. ¶¶ 14, 17.

Plaintiff surmises that at least the latter portion of those events were observed, because as he and his nephew "neared the exit, [d]efendant Officer Jenkins aggressively grabbed [plaintiff] by the arm and insisted [that plaintiff and his nephew] walk with him to a private store back office room for a 'chat.'"  Compl. ¶ 18.  Officer Jenkins allegedly "held onto [p]laintiff and forced him along by the arm," while plaintiff asked at least four times what he was being asked to chat about.  Compl. ¶ 19.  At that point, defendant Doe, a "Walmart Security Officer . . . barged in without any introduction and with complete disregard for anything [p]laintiff was saying and yelled the worlds 'YOUR BAG' at [p]laintiff."  Compl. ¶ 20.  Throughout the encounter, plaintiff allegedly continued to ask questions about why defendants Jenkins and Doe were interested in his bag, which they purportedly responded to by "yelling loudly back."  Compl. ¶ 21.  Both officers refused to check the contents of the bag.  Compl. ¶ 21.  According to the complaint, once Officer Jenkins and defendant Doe noticed that the "very public incident of humiliating, frightening, and restraining" plaintiff and his nephew had attracted the interest of a "huge crowd of customers in the store," they checked the contents of plaintiff's bag, Compl. ¶¶ 22–23, which ended the incident.  Compl. ¶ 24.

On October 25, 2019, plaintiff filed the complaint.  *See generally* Compl.  He alleges that "[a]s a result of the [d]efendants' negligence, [he] suffered from false allegations of theft, harassment, public humiliation and racial profiling."  Compl. ¶ 25.  He seeks compensatory and nominal damages, punitive damages, declaratory and injunctive relief, reasonable attorneys' fees and costs, as well as other appropriate relief.  *See* Compl. at 6.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005).  Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the court need not accept inferences

drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions.  *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

**I.  Count I will be dismissed for failure to state a claim because plaintiff has not pled any facts to support that either Wal-Mart or the District can be held liable for the alleged constitutional violations.**

Count I has been brought under 42 U.S.C. §1983.  The sole allegation supporting the constitutional claim states: "[p]laintiff would show unto the Court that the Defendants, will (sic) reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights, and conditions of laying hands on someone's person under the 14th amendment."  Compl. ¶ 27.

Section 1983 of the Civil Rights Act provides that a person acting "under color of" state law may be held liable for depriving a person of his constitutional rights. 42 U.S.C. § 1983.[5] Wal-Mart moves to dismiss Count I because it is not a state actor and, therefore, it cannot be the subject of a section 1983 claim. Wal-Mart's Mem. at 4. This is a correct statement of the law, and the claims in Count I against the store will be dismissed with prejudice.[6]

The District seeks to dismiss Count I on the grounds that the Fourteenth Amendment, which plaintiff specifically invokes in the claim, does not apply to the District of Columbia or its officers and employees. District's Mem. at 5. Courts in this district have long recognized that the Fourteenth Amendment does not apply to the District of Columbia. *See, e.g.*, *Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 165 (D.D.C. 2018), citing *Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954) ("the Supreme Court made clear in *Bolling v. Sharpe* that the Fourteenth Amendment applies only to the states, and not to the District of Columbia"); *Robinson v. District of Columbia*, 736 F. Supp.

---

5    The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

6    To state a section 1983 claim against a private individual or entity, a plaintiff would have to plausibly allege the existence of "(1) some type of conspiracy or agreement between the [District] and [Wal-Mart]; (2) a demonstration the parties shared common goals; and (3) conduct in furtherance of the conspiracy or agreement that violates federally protected rights." *Coe v. Holder*, Civ. Action No. 13–184 (RLW), 2013 WL 3070893, at *2 (D.D.C. June 18, 2013), citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982), and *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). Here, the complaint is devoid of any allegations of a conspiracy between Wal-Mart and any state actors.

2d 254, 260 (D.D.C. 2010), citing *Bolling*, 347 U.S. at 499 ("the Fourteenth Amendment does not apply to the District of Columbia or its officials/employees"). Therefore, to the extent Count I against the District is predicated, as stated, on the 14th Amendment, it will be dismissed with prejudice.[7]

> II. **Count II will be dismissed under Rule 12(b)(6) because the complaint fails to sufficiently allege that Wal-Mart employed Officer Jenkins and that plaintiff notified the District of his tort claim, as required under District of Columbia law.**

Count II asserts what appears to be a common law tort claim for negligence against the MPD and Wal-Mart for their failure to monitor, train, and supervise Officer Jenkins and the unnamed second officer. Compl. ¶¶ 30–31.[8] Based on different theories, both Wal-Mart and the District correctly argue that the complaint fails to state a claim upon which relief can be granted.

---

7      Even if one were to generously infer that plaintiff intended to invoke the Fifth Amendment as well, the complaint contains no facts to suggest that the District can be held liable for Officer Jenkins's actions. In *Monnell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court made it clear that a municipality cannot be held liable under section 1983 for constitutional violations committed by city employees on a *respondeat superior* theory. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. As a result, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60, quoting *Monell*, 436 U.S. at 691; *accord City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue."). Here, there are no facts set forth in the complaint that give rise to a plausible inference that a policy or custom of the District caused the alleged constitutional violation. Furthermore, the nature of any alleged *constitutional* deprivation or injury is not made clear at all; paragraph twenty-five of the complaint, which is incorporated in Count I, simply says, "as a proximate result of the defendants' negligence, Plaintiff suffered from false accusations of theft, harassment, public humiliation, and racial profiling." Compl. ¶¶ 25, 26. Thus, any claims against the municipality based on the Fifth Amendment will be dismissed as well.

8      The fact that plaintiff asks the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 indicates that Count II is supposed to be a state law tort claim. *See also* Pl's Opp. at 3-4.

"Under the doctrine of *respondeat superior*, an employer may be held liable for the acts of his employees committed within the scope of their employment." *Search v. Uber Technologies, Inc.*, 128 F. Supp. 3d 222, 231 (D.D.C. 2015), quoting *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 757 (D.C. 2001). And liability for negligent supervision and training may arise when an "employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise [or train] the employee." *Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 21 (D.D.C. 2015), quoting *District of Columbia v. Tulin*, 994 A.2d 778, 794 (D.C. 2010) (alteration in original).

Wal-Mart moves to dismiss Count II on the grounds that Officer Jenkins is alleged to have been employed by MPD, and not the store, at the time of the events set forth in the complaint. Wal-Mart's Mem. at 5. In paragraph five of the complaint, plaintiff specifically alleges that Officer Jenkins is "employed by the Defendant DCPD." Compl. ¶ 5. Therefore, Wal-Mart cannot be held liable under a vicarious liability theory because Officer Jenkins was not acting within the scope of any employment at Wal-Mart during his interaction with plaintiff, and plaintiff has not alleged any facts that would give rise to an inference that Wal-Mart was under any duty to train or supervise him either.

The District asks the Court to dismiss Count II for two reasons: first, it contends that plaintiff has failed to allege facts to show that it was on notice that Jenkins had previously acted in a dangerous or incompetent manner. District's Mem. at 6. Second, it argues that plaintiff has failed to plead facts that establish notice, as required under District of Columbia law. District's

Mem. at 6–7.  The Court need not reach the first issue because the complaint does not contain any facts showing that plaintiff gave proper notice to the District.[9]

D.C. Code § 12-309 states:

> [A]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309.  As another court in this district has explained, this requirement serves two purposes: "[f]irst, it 'protect[s] the District of Columbia against unreasonable claims,' and, second, it ensures 'reasonable notice . . . so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted.'"  *Spiller v. District of Columbia*, 302 F. Supp. 3d 240, 251 (2018), quoting *Gaskins v. District of Columbia*, 579 A.2d 719, 721 (D.C. 1990).

Here, the complaint fails to allege any facts to show that plaintiff complied with the notice requirement.  It alleges that the actions giving rise to plaintiff's claims took place in March 2017, Compl. ¶ 11, and the complaint was filed more than two years later.  *See generally* Compl.  There is no information on what took place in the interim, including any attempts by plaintiff to alert the District about what occurred within the statutory six-month period.  Because plaintiff seeks compensatory, nominal, and punitive damages in an amount to be determined by the trier of fact – in other words unliquidated damages – as redress for the alleged tortious actions of Officer

---

9   It does not affect the Court's analysis if plaintiff intended to plead Count II as a common law tort claim for negligent monitoring and training or for "unlawfully detaining [p]laintiff without just cause," Pl.'s Opp. at 3, because section 12-309 does not specify a type of tort required to trigger the notice requirement.  *See* D.C. Code § 12-309.

Jenkins, he was required to comply with the notice requirement contained in section 12-309. *See* Compl. at 6. Based on the complaint's failure to allege sufficient facts to allow the Court to draw the reasonable inference that plaintiff engaged in this mandatory process, the District's motion to dismiss Count II will be granted.

## CONCLUSION

For the foregoing reasons, the motions to dismiss the claims in the complaint against defendants Wal-Mart and the District of Columbia will be granted.[10] A separate Order will issue.

*Amy B Jach*
AMY BERMAN JACKSON
United States District Judge

DATE: August 11, 2020

---

10  The complaint will also be dismissed against defendant Jenkins. The complaint in this matter was filed on October 25, 2019. *See* Compl. Service was due on January 23, 2020. *See* Fed. R. Civ. P. 4(m). On July 7, 2020, the Court ordered defendant to file either proof of service or show cause why defendant Jenkins should not be dismissed from this case by July 14, 2020. *See* Order [Dkt. # 17]. It is now August 7, 2020, and plaintiff has failed to respond. Therefore, because no proof of service has been filed within a time period permitted by Rule 4 of the Federal Rules of Civil Procedure, as extended by this Court's Order, the case will be dismissed without prejudice against defendant Jenkins.

In addition, the claims against John Doe, who is sued in his individual and official capacity and have yet to be served will also be dismissed. A "[p]laintiff may bring an action against unknown John Doe defendants, but plaintiff must substitute named defendants for those unknown defendants after the completion of discovery." *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45 (D.D.C. 2011); *see Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010) ("As a general matter, a court will not entertain a suit unless the defendant has been made a party by service of process. Courts do grant an exception to this rule for 'John Doe' defendants, but only in situations where the otherwise unavailable identity of the defendant will eventually be made known through discovery."). Even for unnamed defendants, service must be completed within ninety days of the filing of the complaint. *See Simmons*, 750 F. Supp. at 45, citing Fed. R. Civ. P. 4(m); *Kurtz v. United States*, 798 F. Supp. 2d 285, 292–93 (D.D.C. 2011). Here, it does not appear from the record that any attempt has been made to ascertain the identity of John Doe since the complaint was filed on October 25, 2019 and service has not been executed on him. For that reason, the Court will dismiss the complaint against defendant Doe with prejudice.